UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KENTUCKY COAL ASSOCIATION, INC.,
JAMES ROGERS, III, J.L. ROGERS FAMILY,
LLC, TALMAGE ROGERS, TALMAR OF FL,
LLC, PAT EARLY, KIRSTINE EARLY,
BUCKINGHAM HOLLOW, LLC, KEVIN
LAWRENCE AND BIG BUCKS, LLC,
Plaintiffs,

v.                                                                  No. 4:14-cv-73-M

TENNESSEE VALLEY AUTHORITY,
Defendant.

**DEFENDANT TENNESSEE VALLEY AUTHORITY'S RESPONSE TO PLAINTIFFS'
MOTION FOR EXPEDITED DISCOVERY AND TO PLAINTIFFS' MOTION FOR
EXPEDITED CONFERENCE TO SET SCHEDULING DATES
AND HEARING ON PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION**

TVA agrees with Plaintiffs that an expeditious resolution of this lawsuit challenging TVA's decision to install two combustion turbine/combined cycle units at its Paradise plant is best for the Court and the parties. To move toward that goal, TVA is assembling the voluminous administrative record of the challenged decision for prompt filing with the Court. The administrative record is expected to contain almost 500 documents spanning tens of thousands of pages. Because Plaintiffs have challenged not only TVA's specific decision about the Paradise project, but also how that decision plays into TVA's much larger, programmatic activities under Section 113 of the Energy Policy Act of 1992, the administrative record also contains the 214-page 2011 Integrated Resource Plan ("TVA's Environmental & Energy Future") and its two-volume, 418-page Environmental Impact Statement. The entirety of this record will demonstrate to the Court that TVA took the "hard look" of its proposed action required under NEPA and considered all the relevant factors enumerated in the Energy Policy Act of 1992.

1

Plaintiffs correctly state that "a federal district court reviewing the decision of an administrative agency plays a limited role." (Pls.' Prelim. Inj. Br., Doc. 17-1 at 10-11.) It is well-established that judicial review of an agency's actions under the National Environmental Policy Act (NEPA) is governed by the Administrative Procedure Act (APA). *Save Our Cumberland Mountains v. Kempthorne*, 453 F.3d 334, 339 (6th Cir. 2006). Judicial review under the APA is limited to determining whether the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Save Our Cumberland Mountains*, 453 F.3d at 339. That review is confined to the administrative record. 5 U.S.C. § 706 (2006); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam); *Skaggs v. United States*, 786 F. Supp. 642, 643 (E.D. Ky. 1991).

Plaintiffs are mistaken, however, that this limited review includes discovery outside the administrative record. "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. at 142; *Kroger Co. v. Reg. Airport Auth. of Louisville & Jefferson Cnty.*, 286 F.3d 382, 388 (6th Cir. 2002) (affirming district court's finding that plaintiffs were not "entitled to an evidentiary hearing at any level" under the APA); *Save Our Cumberland Mountains*, 453 F.3d at 339. It is firmly established that the administrative record in a NEPA action consists of all materials compiled by the agency that were before the agency and upon which it based its decision. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). Although Plaintiffs' discovery requests are not properly before the Court, TVA can represent that a vast majority of

the documents that Plaintiffs request and submitted in support of their motion for injunctive relief are already contained in the Administrative Record.[1]

In response to Plaintiffs' Motion for Expedited Conference to Set Scheduling Dates and Hearing on Plaintiffs' Motion for Preliminary Injunction, TVA submits an alternative proposal for the Court's consideration. TVA suggests that the Court will be better able to make a judgment as to success on the merits of the allegations once the complete administrative record is filed. TVA can commit to filing the administrative record with the Court by the end of the normal 21-day response time for motions under the Court's local rules. *See* LR 7.1. TVA anticipates that it will also file a substantive Motion for Judgment on the Administrative Record by that date which will contain citations to specific documents in the administrative record that support its decision under NEPA and under the Energy Policy Act. The memorandum that TVA will file in support of its Motion for Judgment will respond to all of the allegations in Plaintiffs' Complaint as more fully developed in their Memorandum in Support of Motion for a Preliminary Injunction. TVA suggests that an order setting out dates for the filing of the administrative record, the motion for judgment and responsive briefing would more effectively, accurately, and expeditiously resolve this entire case than a preliminary injunction hearing that would require duplicative briefing without a complete record.

TVA can represent that in the next sixty to ninety days no irreparable harm from activities at the Paradise Plant or on the potential gas pipeline route will occur. Specifically,

---

[1] If, after reviewing the administrative record, Plaintiffs believe materials that were before TVA at the time it made its decision are missing, then the proper mechanism to pursue those materials is a motion to supplement the administrative record. Supplementation of the record occurs under very limited circumstances and "courts have suggested that a plaintiff must make a strong showing of bad faith" to justify such supplementation. *Coal. for Advancement of Reg'l Transp. v. Fed. Highway Admin.*, __ F. App'x __, 2014 WL 3882677, at *8 (6th Cir. Aug. 7, 2014) (internal quotation marks and citation omitted).

3

activity at the Paradise Plant is limited to ground improvement, foundation installation, and assembly of mobile construction trailers for work slated to begin in 2015. All of this work is occurring on the Paradise plant reservation, which is an already established industrial site. In the next sixty to ninety days, activity with regard to the lateral gas pipeline is limited to survey work. This survey work includes non-invasive environmental, cultural, biological, and civil engineering assessments.

        Respectfully submitted,

        *s/Maria V. Gillen*
        Edwin W. Small, Deputy General Counsel
        Maria V. Gillen, Senior Attorney
        Frances Regina Koho, Attorney
        TVA GENERAL COUNSEL'S OFFICE
        400 West Summit Hill Drive
        Knoxville, Tennessee 37902-1401
        Telephone 865.632.7741

        Attorneys for Defendant Tennessee Valley Authority

26841034

## CERTIFICATE OF SERVICE

On September 2, 2014, I electronically filed this document through the ECF system, which will send a notice of electronic filing to:

>Donald Kelly
>Wyatt, Tarrant & Combs LLP,
>dkelly@wyattfirm.com
>Attorney for Plaintiffs

>*s/Edwin W. Small*
>Edwin W. Small
>Deputy General Counsel
>Office of the General Counsel
>Attorney for Tennessee Valley Authority
>400 West Summit Hill Drive
>Knoxville, Tennessee 37902
>865-632-3021
>ewsmall@tva.gov